Francis X. Conlon, J.
The letter relied upon as entitling Brand & Co. to arbitration merely provided that those provisions of the contract which made the architect the arbiter of certain disputes between the contractor and owner should be superseded and, instead, arbitration of said disputes should be had in accordance with the Standard Arbitration Procedure of the American Institute of Architects. The letter does not extend to types of arbitrable disputes beyond those which the contract authorized the architect to determine, nor does it eliminate the contractual provision that “in no case, however, shall the demand [for arbitration] be made later than the time of final payment, except as otherwise expressly stipulated in the contract.”
The contractual provisions for determinations by the architect, which were superseded by the arbitration provision in the letter, are not broad enough to encompass claims of improper performance arising after the completion of the work and the cessation of the duties of the architect. Moreover, as no claim is made that there is an express stipulation in the contract authorizing a demand for arbitration after the final payment, the contractual provision that no such demand shall be made after the final payment constitutes an additional bar to arbitration. This motion to stay arbitration is accordingly granted.